**Davinder KAUR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–71289.

I & NS No. A73–394–833.

United States Court of Appeals, Ninth Circuit.

Submitted May 18, 2001.*

Decided June 27, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HUG and T.G. NELSON, Circuit Judges, and PREGERSON,** District Judge.

MEMORANDUM ***

▆ We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we grant the petition. We review due process claims de novo.[1] We review credibility findings for substantial evidence.[2] Minor inconsistencies, however, "are not an adequate basis for an adverse credibility finding."[3]

▆ The BIA denied Kaur due process by affording little evidentiary weight to copies of documents Kaur submitted. Kaur testified that she sent the originals to the INS just before an INS deadline. She produced a return receipt. The INS could not locate the originals and there was nothing else filed in Kaur's file around the date of the return receipt. Kaur's file, however, contained materials for another asylum applicant that had been mis-filed.

The evidence compels a finding that the INS lost the originals Kaur sent. Penalizing Kaur for the INS' loss by attributing little weight to the only supporting evidence she could produce at that point—copies—violated Kaur's right to due process and prejudiced her case.[4]

** Honorable Dean D. Pregerson, United States District Court Judge for the Central District of California.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Perez–Lastor v. INS*, 208 F.3d 773, 777 (9th Cir.2000).

2. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999).

3. *Id.* at 1150.

4. *See, e.g., Cuadras v. INS*, 910 F.2d 567, 573 (9th Cir.1990) (discussing due process requirements); *Abovian v. INS*, 219 F.3d 972, 978–79, *amended by* 228 F.3d 1127 (9th Cir. 2000).

Substantial evidence does not support the BIA's decision that Kaur's testimony was not credible. Most of the apparent inconsistencies in Kaur's testimony were the result of translation difficulties. We have held that "mistranslation or miscommunication [is] not a sufficient basis for an adverse credibility finding."[5] The inconsistencies not attributable to translation difficulties are small and Kaur offered reasonable explanations for them. Again, we have previously held that "inconsistencies of less than substantial importance for which a plausible explanation is offered cannot form the sole basis for an adverse credibility finding."[6]

We conclude that Kaur's due process rights were violated, that substantial evidence does not support the BIA's finding that Kaur's testimony lacked credibility, and that the evidence presented by Kaur compels a finding of eligibility for asylum. Moreover, we conclude that Kaur has met the standard for withholding of deportation. Consequently, we GRANT Kaur's petition for review and REMAND this case to the BIA with instructions to grant her application for withholding of deportation and to present this matter to the Attorney General for the exercise of his discretion under Section 1158(b) in a manner consistent with this disposition.

---

**5.** *Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir.1999) (internal quotation marks and citation omitted).

**6.** *Abovian*, 219 F.3d at 979 (internal quotation marks and citation omitted).